# SEALED

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Chanel, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-00534-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| Anthony L. Wynn a/k/a Anthony Wynn, d/b/a ) | |
| AJC Jewellery d/b/a AJC Jewelery d/b/a AJC ) | |
| Jewelry d/b/a AJC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Chanel, Inc., brings this action under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a), alleging claims for Trademark Counterfeiting and Infringement, and False Designation of Origin, against Anthony L. Wynn a/k/a Anthony Wynn, d/b/a AJC Jewellery d/b/a AJC Jewelery d/b/a AJC Jewelry d/b/a AJC. (Compl., ECF No. 1.)

Pending before the Court is Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining Order (ECF No. 4), including requests for a seizure order, substitute custodian order, and order temporarily sealing the Court file.

**I. BACKGROUND**

Plaintiff is "engaged in the business of manufacturing and distributing throughout the world . . . high quality costume jewelry, including, necklaces, bracelets, and earrings, handbags, wallets, and shoes under Federally registered trademarks," described as "the Chanel Marks." (Compl., 2:¶2.) "Upon information and belief," Plaintiff alleges that "Wynn is directly engaging in the sale of counterfeit and infringing products within this District . . . and uses, at least, the aliases 'AJC Jewellery,' 'AJC Jewelery,' 'AJC Jewelry,' and 'AJC' in connection with the operation of his counterfeiting business." (*Id.* at 2:¶4.)

Plaintiff alleges that it is the owner of all rights in the Chanel Marks, which are protected by United States Federal Trademark Registrations, "which are registered in International Classes 14, 18 and 25, and is [sic] used in connection with the manufacture and distribution of, among other things, costume jewelry, including, necklaces, bracelets, and earring, handbags, wallets, and shoes." (*Id*. at 3-4:¶7.)

**Table 1. Trademarks owned by Chanel, Inc.**

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | (Int'l Class: 18) Women's handbags |
| (CC logo) | 1,241,264 | June 7, 1983 | (Int'l Class: 25) Suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, tee-shirts, coats, raincoats, scarves, shoes and boots |
| CHANEL | 1,241,265 | June 7, 1983 | (Int'l Class: 25) Suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, coats, raincoats, scarves, shoes and boots |
| (CC logo) | 1,501,898 | Aug. 30, 1988 | (Int'l Class: 6) Keychains<br>(Int'l Class: 14) Costume jewelry<br>(Int'l Class: 16) Gift wrapping paper<br>(Int'l Class: 25) Blouses, shoes, belts, scarves, jackets, men's ties<br>(Int'l Class: 26) Brooches, buttons for clothing |
| CHANEL | 1,733,051 | Nov. 17, 1992 | (Int'l Class: 18) Leather goods; namely, handbags, wallets, travel bags, luggage, business and credit card cases, change purses, tote bags, cosmetic bags sold empty, and garment bags for travel |
| (CC logo) | 1,734,822 | Nov. 24, 1992 | (Int'l Class: 18) Leather goods; namely, handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, and cosmetic bags sold empty |
| (CC logo) | 3,025,934 | Dec. 13, 2005 | (Int'l Class: 18) – Handbags |

1    Plaintiff alleges that the "Chanel Marks have been used in interstate commerce to
2 identify and distinguish Chanel's high quality costume jewelry . . . and other goods for an
3 extended period of time." (*Id*. at 4:¶8.)  "The Chanel Marks have never been assigned or
4 licensed to any of the Defendants in this matter," and they "are a symbol of Chanel's quality,
5 reputation, and goodwill and has [sic] never been abandoned." (*Id*. at 4:¶¶9-10.)  Plaintiff
6 alleges that the "Chanel Marks qualify as famous marks as that term is used in 15 U.S.C.
7 § 1125(c)(1)," and that "members of the consuming public readily identify merchandise bearing
8 the Chanel Marks, as being high quality merchandise sponsored and approved by Chanel." (*Id*.
9 at 4:¶¶11, 13.)
10    Plaintiff alleges that "the Defendants in this action had full knowledge of Chanel's
11 ownership of the Chanel Marks, including its exclusive right to use and license such intellectual
12 property and the goodwill associated therewith." (*Id*. at 5:¶15.)  "Chanel has discovered the
13 Defendants are promoting and otherwise advertising, distributing, selling and/or offering for
14 sale counterfeit products . . . bearing trademarks which are an exact copy of the Chanel Marks
15 (the 'Counterfeit Goods')." (*Id*. at 5:¶16.)  Plaintiff alleges that "the Defendants are using the
16 Chanel Marks in the same stylized fashion, for different quality goods." (*Id*.)
17    Plaintiff alleges that Defendants' actions "constitute counterfeiting and infringement of
18 the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C.
19 § 1114." (*Id*. at 7:¶32.)  Specifically, Plaintiff alleges that "Defendants are promoting and
20 otherwise advertising, selling, offering for sale and distributing counterfeit and infringing
21 costume jewelry, including, necklaces, bracelets, and earrings, handbags, wallets, and shoes
22 bearing the Chanel Marks," and "are continuously infringing and inducing others to infringe the
23 Chanel Marks by using them to advertise, promote and sell counterfeit costume jewelry,
24 including, necklaces, bracelets, and earrings, handbags, wallets, and shoes." (*Id*. at 7:¶29.)
25 Plaintiff alleges that "Defendants' counterfeiting and infringing activities are likely to cause

and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks." (*Id*. at 7:¶30.)

## II. LEGAL STANDARD

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

A "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship

1  balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming

2  the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v.*

3  *Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

4  "In deciding a motion for a preliminary injunction, the district court 'is not bound to

5  decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' &*

6  *Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting

7  *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

8  "The urgency of obtaining a preliminary injunction necessitates a prompt determination

9  and makes it difficult to obtain affidavits from persons who would be competent to testify at

10  trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). "The trial court

11  may give even inadmissible evidence some weight, when to do so serves the purpose of

12  preventing irreparable harm before trial." *Id*.

13  "The court may issue a preliminary injunction or a temporary restraining order only if

14  the movant gives security in an amount that the court considers proper to pay the costs and

15  damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R.

16  Civ. P. 65(c).

17  **III. DISCUSSION**

18  Upon review of the Complaint, Declarations and evidence presented as exhibits to the

19  motion, the Court grants the motion as described below.

20  Plaintiff has shown a strong likelihood of success on the merits as to its claims for

21  Trademark Counterfeiting and Infringement, including its claims that consumers are likely to

22  be confused by Defendant's manufacturing, advertisement, promotion, sale, offer for sale,

23  and/or distribution of costume jewelry, including necklaces, bracelets, earrings, handbags,

24  wallets and shoes bearing counterfeits, reproductions, and/or colorable imitations of the Chanel

25  Marks. Supporting this conclusion are the Declaration of Stephen M. Gaffigan (ECF No. 4-1),

1 the Declaration of Brittni Popp (ECF Nos. 4-2, 4-3), the Declaration of Adrienne Hahn Sisbarro
2 (ECF No. 4-3), the Declaration of Eric Berger (ECF No. 4-3), and related exhibits.
3     Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining
4 order is not granted. Plaintiff's Complaint and the Declarations submitted with its motion show
5 that immediate and irreparable loss, damage and injury will likely result to Plaintiff and
6 consumers before Defendant can be heard in opposition unless Plaintiff's request for *ex parte*
7 relief is granted. The following facts support this conclusion:

- Defendant has offered for sale costume jewelry, including necklaces, bracelets, earrings, handbags, wallets, and shoes, bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;
- Plaintiff has well-founded fears that more counterfeit and infringing products bearing its trademarks will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these products, resulting in the consequent injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its genuine products;
- Plaintiff has well-founded fears that if it proceeds on notice to Defendant on this Motion, Defendant will secret, conceal, destroy, sell off, or otherwise dispose of counterfeit and infringing goods, packaging, and records relating thereto in his possession and/or inform his suppliers and others of Plaintiff's claims with the result that those suppliers and others may also secret, conceal, sell off, or otherwise dispose of counterfeit or infringing goods, packaging, and records relating thereto in his possession and control.

23     The balance of equities favors Plaintiff because the potential harm to Defendant if this
24 Order issues is outweighed by the potential harm to Plaintiff if this Order is not issued. The
25 public interest favors issuance of the temporary restraining order and seizure order.

If Defendant is given notice before this Order is effected, he is likely to destroy, move, hide or otherwise make inaccessible to Plaintiff and the Court the matter to be seized. The counterfeit goods and business records related to the counterfeit goods to be seized will likely be found at the location identified in the Declarations, namely: **3855 South Valley View Boulevard, Suites 5 and 7, Las Vegas, Nevada, 89109**.

Plaintiff has given notice of its application for an *ex parte* seizure order to the United States Attorney for the District of Nevada pursuant to 15 U.S.C. § 1116(d)(2), and has not publicized the requested seizure in any way.

For the reasons discussed above, an order other than an *ex parte* seizure order is not adequate to achieve the purposes of 15 U.S.C. § 1114.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order (ECF No. 4) is **GRANTED**, as follows:

### Temporary Restraining Order

Defendant, his respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of them are hereby temporarily restrained:

1. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products, product packaging, or labeling bearing the Chanel Marks identified in Table 1 above, or any confusingly similar marks, other than those actually manufactured and distributed by Plaintiff;

2. From communicating, directly or indirectly, with any person or persons (a) from whom Defendant purchased or obtained products bearing the Chanel Marks identified in Table

1 above; or (b) to whom Defendant sold or offered to sell these products; or (c) whom Defendant knows or reasonably believes to possess, control, or have access to any these products;

3. From otherwise communicating, directly or indirectly, with any person(s) about this action, or Plaintiff's Motion for this Order, except for Defendant's attorneys;

4. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (a) any products or product packaging not manufactured or distributed by Plaintiff bearing the Chanel Marks, or any confusingly similar marks; or (b) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products or product packaging bearing the Chanel Marks.

5. Knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1 through 4 above.

6. A hearing on Plaintiff's Motion for Preliminary Injunction (ECF No. 5) shall take place on April 29, 2014 at 9:00 a.m., 7th Floor, Courtroom 7D, United States District Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

### **Seizure Order**

Pursuant to 15 U.S.C. § 1116(d)(9), the United States Marshal or other Federal or law enforcement official (such as officers or agents of the United States Customs Service, Secret Service, Federal Bureau of Investigation, or United States Post Office) or a State or local law enforcement officer (on or off duty), shall carry out the seizure as provided herein, and Defendant shall surrender for seizure (1) all counterfeit products and packaging bearing the Chanel Marks, or any other mark substantially indistinguishable from these marks; together with (2) all documents, things, and records of any kind relating to the importation, purchase, acquisition, manufacture, insurance of, advertising, promotion, sale, offering for sale, distribution, and transfer of such products and packaging, including, but not limited to,

1  computer disks, CD ROMs, computer hardware, and other magnetically or electronically stored
2  information; and all manufacturing or packaging equipment, molds, matrices, computers,
3  computer software, and any other means of making the same, including, but not limited to,
4  machinery designed for the purpose of making or packaging counterfeit products sold under the
5  Chanel Marks or any parts of the foregoing.  The law enforcement officers executing this
6  Seizure Order may look for the documents and things to be seized and may appoint any other
7  persons, including Plaintiff's counsel, investigators, and Plaintiff's representatives, to assist in
8  the execution of this Seizure Order.
9        The seizure should be carried out at 3855 South Valley View Boulevard, Suites 5 and 7,
10 Las Vegas, Nevada, 89109; and any unknown business locations operated by any Defendant,
11 including any warehouses, storage facilities, offices, and automobiles where any Defendant,
12 including the Doe Defendants, are warehousing, holding, or storing counterfeit costume
13 jewelry, including, necklaces, bracelets, and earrings, handbags, wallets, and shoes, or
14 packaging bearing the Chanel Marks and/or documents relating thereto.
15       Any materials seized by the law enforcement officials executing this Seizure Order shall
16 be delivered up into the custody of the following temporary custodians appointed by the Court
17 (Plaintiff's counsels, Stephen M. Gaffigan, P.A., 401 East Las Olas Blvd., Suite 130-453, Ft.
18 Lauderdale, Florida 33301, and Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 300 South
19 Fourth Street, 11th Floor, Las Vegas, Nevada 89101) pending the hearing provided for herein,
20 pursuant to 15 U.S.C. § 1116(d)(10).  However, Plaintiff shall be allowed to examine samples
21 of the seized products for authenticity at its facilities in New York and shall return to Defendant
22 or his counsel, all genuine products seized, if any.
23       The seizure shall take place no later than seven (7) days after the issuance of this Order,
24 pursuant to 15 U.S.C. § 1116(d)(5)(C).
25       Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall post a bond in the amount of

$10,000.00 as payment of damages to which Defendant may be entitled for a wrongful seizure or wrongful attempted seizure, prior to conducting the seizure ordered herein.

A seizure order hearing under 15 U.S.C. § 1116(d)(10)(A) shall take place not sooner than ten (10) days after this order is issued and not later than fifteen (15) days after the order is issued, namely, on April 29, 2014 at 9:00 a.m. unless Plaintiff shows good cause for another date or unless Defendant consents to another date.

Plaintiff and/or its designees shall be permitted to videotape and take photographs and notes of the seizure.

The U.S. Marshals, or any other law enforcement officer, is authorized to use reasonable force necessary to effect the seizure ordered (including breaking open entrances to buildings and rooms therein) and to inspect the contents of any rooms, warehouses, closets, safes, cabinets, furniture, containers, and desks at or within the above-identified location within this Judicial District.

Plaintiff shall hold harmless the United States Marshal's Office and other law enforcement agencies and their employees from any and all claims asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Defendant's property, including any third party claims.

Only the items listed in this order shall be seized and impounded, and due care shall be taken by the United States Marshal or other law enforcement officers and their appointed assistants to preserve and keep in good order Defendant's property and assets which are not related to the manufacture, packaging, or distribution of the alleged counterfeit products referred to above.

At the time of the seizure all items shall be appropriately marked for identification, and Defendant shall be given a receipt and/or inventory list thereof.  In addition, the United States Marshal or other law enforcement officer shall file an inventory list with the Court within forty-

eight (48) hours after the seizure has been carried out.

Pursuant to 15 U.S.C. § 1116(d)(8), this Order, together with the supporting documents, shall be sealed until Defendant has an opportunity to contest this Order, except that Defendant shall have access to this Order and supporting documents after the seizure has been carried out.

### Compliance Report

Defendant shall file with the Court and serve on counsel for Plaintiff within five (5) days after the seizure authorized above, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with this Order.

### Briefing and Hearing for Motion for Preliminary Injunction (ECF No. 5)

Service or delivery of copies of this order and the papers in support thereof on Defendant or his attorney at the time of the seizure, or within three (3) days after the seizure if there is no party present at the seizure that is authorized to accept service, shall be given and as so given shall be deemed good and sufficient service thereof.

Opposing papers, if any, shall be filed with the Court and served on Plaintiff's counsel on or before April 21, 2014.  Plaintiff shall file any Reply Memorandum on or before April 25, 2014.

Defendant is hereby on notice that failure to respond may result in the imposition of a preliminary injunction against him pursuant to 15 U.S.C. § 1116(d) and Fed. R. Civ. P. 65.

**DATED** this 14th day of April, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court